USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 96-2208 MANUEL TAVARES, Plaintiff, Appellee, v. MICHIGAN FISHING, INC., Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________  ____________________ Before Stahl, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________  ____________________ Thomas E. Clinton, with whom Clinton & Muzyka, P.C. was on brief _________________ ______________________ for appellant. Michael B. Latti, with whom Carolyn M. Latti and Latti Associates ________________ ________________ ________________ LLP were on brief for appellee. ___  ____________________ October 24, 1997  ____________________ Per Curiam. Michigan Fishing, Inc. ("Michigan") Per Curiam ___________ appeals the district court's denial of its motion for new trial after the jury found it liable under the Jones Act, 46 U.S.C.  688 (Supp. 1997), for bodily injuries sustained by plaintiff Manuel Tavares while a seaman aboard the F/V CONCORDIA, owned by Michigan. In particular, Michigan contends that the following jury argument by plaintiff's counsel was unfairly prejudicial: [Captain Jacobsen] says, I don't remember. I don't remember whether I gave someone a list after this accident, to fix it. I don't remember. I don't remember. That's all he keeps on saying, but we know ___ __ ____ that four days after there was this repair ____ ____ ____ _____ _____ ___ ____ ______ done and there was an invoice for it and it ____ ___ _____ ___ __ _______ ___ __ ___ __ was done and it was on that starboard ___ __________ __ ___ __ ____ _________ hoister. (emphasis added). _______ ________ _____ Michigan argues that the quoted language invited the jury to treat the invoice as substantive evidence of liability, even though the invoice was never admitted in evidence. There was no abuse of discretion. See Correa v. ___ ______ Hospital San Francisco, 69 F.3d 1184, 1194 (1st Cir. 1995), cert. ______________________ _____ denied, 116 S. Ct. 1423 (1996). The same invoice had been used ______ earlier to impeach the ship's captain, after he denied knowing whether any repairs were made to the hoister after the accident. Furthermore, the trial judge promptly cautioned the jury that the invoice was not to be considered substantive evidence, but only for impeachment purposes. Michigan nonetheless maintains that the jury must have disregarded the district court instruction. It points to a later jury note: "Why was invoice for repairs not submitted for 2 evidence? Exactly what did it show." Thereafter, however, the trial judge firmly disabused the jury of any misconception portended by the note: First, "Why was invoice for repairs not submitted for evidence?" Because it's not admissible under the laws of evidence and the law governing this case. So, in answer to the second question, I'll have nothing to say about what it shows or not . . . or even if it's an invoice for repairs. You have heard those things which are admissible and I have charged you with respect to them.  Coupled with its earlier instruction that the invoice could be considered only "to get a handle on the believability of the witnesses who testified before [the jury], and nothing else whatsoever[,]" the district court's later cautionary instruction was sufficient to keep the jury on the proper track. See Conde ___ _____ v. Starlight I, Inc., 103 F.3d 210, 213 (1st Cir. 1997) ("We __________________ normally presume that a jury follows instructions to disregard improper argumentation."). Affirmed. Affirmed ________ 3